IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

           Plaintiff,

vs.                                **Case No. 05-40035-01-RDR**

CHARLES OSHAY BROWN,

           Defendant.

## MEMORANDUM AND ORDER

On January 13, 2006 the court sentenced the defendant. The purpose of this memorandum and order is to memorialize the rulings made by the court at that hearing.

The defendant entered a plea of guilty to possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). The government asserted no objections to the presentence report. The defendant raised several objections.

The defendant objected to including as relevant conduct the quantities of cocaine base seized during the search of a residence in September 2003. The defendant contends these quantities were for personal consumption and not related to distribution, so they should not be considered as relevant conduct in this case. The court finds it unnecessary to decide this objection because it has no impact on the defendant's offense level. The defendant's offense level remains the same whether these amounts are included or not considered.

The defendant next objects to a two-level increase for a

firearm that was found during the search of the residence in September 2003.  The defendant suggests that his offense level should not be enhanced by two levels because the firearm was not possessed in relation to the crime he pled guilty to, the drugs he possessed for personal use, or the independent controlled buy in September 2003.  The government has not responded to the defendant's objection.  The probation office believes that the facts support the application of the enhancement.

The court finds that the defendant's objection lacks merit. The court finds that the evidence supports the imposition of the enhancement, certainly at least for the relevant conduct of the controlled buy in September 2003.  The law is well settled that the relevant conduct provisions apply to weapon enhancements under U.S.S.G. § 2D1.1(b)(1).  United States v. Roederer, 11 F.3d 973, 982 (10th Cir. 1993).  In order to establish weapon possession, the government must prove by a preponderance of the evidence "'that a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant.'"  Roederer, 11 F.3d at 982 (quoting United States v. Eastland, 989 F.2d 760, 770 (5th Cir. 1993)).  The necessary proximity is generally established by "'evidence that the weapon was found in the same location where drugs or drug paraphernalia are stored or where part of the transaction occurred.'"  Id. at 983 (quoting United States v. Hooten, 942 F.2d 878, 882 (5th Cir. 1991)).  Here, the gun was under

a bed in a residence where drug trafficking took place. The firearm was readily accessible to the defendant in the event of a dispute during the course of a drug transaction. Under these circumstances, there is little question that the enhancement applies.

The defendant has also requested credit for time served or concurrent sentences based upon his service of a state sentence. At the hearing, the government recommended that the defendant receive a four-month reduction in his sentence to address this argument. The court agreed that this is a fair resolution of this situation.

With the aforementioned decisions, the defendant's offense level is 31. The defendant's criminal history category is V. The defendant's guideline range becomes 168 to 210 months. In determining the sentence to be imposed, the court has carefully consulted the application of the guidelines and taken them into account. The court has decided that the appropriate sentence for this case is 140 months. The court will reduce this sentence by four months as suggested by the government for a total sentence of 136 months. The court believes that this sentence will meet the sentencing objectives of deterrence, punishment, rehabilitation, and protection of the public. Further, the court believes that this is a fair and reasonable sentence, and it is a sentence sufficient, but not greater than necessary, to comply with the

aforementioned sentencing purposes in light of all the circumstances in this case, including the nature and circumstances of the offense and the history and characteristics of the defendant.  Finally, the court has considered the need to avoid unwarranted sentencing disparities among defendants who have been found guilty of similar conduct and the need to provide restitution to any victims of the offense.

**IT IS SO ORDERED.**

Dated this 18th day of January, 2006 at Topeka, Kansas.

> s/Richard D. Rogers
> United States District Judge