IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

  vs.       **Case No. 05-40035-01-RDR**

CHARLES OSHAY BROWN,

    Defendant.

_____

<u>**MEMORANDUM AND ORDER**</u>

   This matter is presently before the court upon defendant's <u>pro se</u> motion to reduce sentence under 18 U.S.C. § 3582(c)(2).[1]  The defendant seeks a reduction of his sentence based on Amendment 706 to the United States Sentencing Guidelines ("Guidelines").  He argues that the court should now impose a sentence of imprisonment of 88 months.  Having carefully reviewed the arguments of the parties, the court is now prepared to rule.

   On October 14, 2005, the defendant entered a plea of guilty pursuant to a plea agreement to one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1).  The presentence report calculated defendant's base offense level as 31 and his criminal history category as V.  This yielded an advisory Guidelines sentencing range of 168 to 210 months.  In the

_____

[1] There are also two pending motions for extension of time. The government filed one seeking additional time to file its response.  The defendant filed one seeking additional time to file his reply.  Both motions will be granted.  The response and the reply filed shall be deemed timely filed.

plea agreement, the defendant agreed he would not ask for a sentence less than 140 months, and in exchange for this agreement, the government agreed not to request a sentence of more than 151 months.   The defendant also waived any right to appeal or collaterally attack his conviction and sentence and waived his right to challenge his sentence or attempt to modify or change his sentence pursuant to 18 U.S.C. § 3582(c)(2).   The court adopted the calculations of the presentence report, but imposed a variant sentence under 18 U.S.C. § 3553(a) of 136 months.

"The Guidelines, through Amendment 706, generally adjust downward by two levels the base offense level assigned to quantities of crack cocaine.  Amendment 706 took effect November 1, 2007 and was made retroactive as of March 3, 2008." United States v. Sharkey, _____ F.3d ____, 2008 WL 4482893 at *1 (10th Cir. 2008).

The government contends that the defendant's motion must fail for two reasons.  First, the government argues that the motion lacks merit because the defendant (1) was not sentenced based on a sentencing range that has been subsequently lowered  as required by 18 U.S.C. § 3582(c)(2); and (2) received a non-Guidelines sentence pursuant to 18 U.S.C. § 3553(a).  Second, the government contends that the court should not consider this motion because in the plea agreement the defendant (1) agreed not to seek a sentence lower than 140 months; and (2) waived his right to bring it.

The court finds that the government's argument on waiver has

2

merit and precludes this motion.  The provision of the plea
agreement at issue provides as follows:

> **Waiver of Appeal and Collateral Attack.** <u>Defendant
> knowingly and voluntarily waives any right to appeal or
> collaterally attack any matter in connection with this
> prosecution, conviction and sentence.</u> The defendant is
> aware that Title 18, U.S.C. § 3742 affords a defendant
> the right to appeal the conviction and sentence imposed.
> By entering into this agreement, the defendant knowingly
> waives any right to appeal a sentence imposed which is
> within the guideline range determined appropriate by the
> court. <u>The defendant also waives any right to challenge
> a sentence or otherwise attempt to modify or change his
> sentence or manner in which it was determined in any
> collateral attack, including, but not limited to</u> a motion
> brought under Title 28, U.S.C. § 2255 [except as limited
> by United States v. Cockerham, 237 F.3d 1179, 1187 (10th
> Cir.2001)] and <u>a motion brought under Title 18, U.S.C. §
> 3582(c)(2)</u>.

Dk.# 33, Plea Agrmt. ¶ 9 (underlining added).

The defendant's instant motion for relief pursuant to 18
U.S.C. § 3582(c)(2) falls within the plain terms of the plea
agreement.  Courts need not "hesitate to 'hold a defendant to the
terms of a lawful plea agreement.'" <u>United States v. Sandoval</u>, 477
F.3d 1204, 1206 (10th Cir. 2007) (quoting <u>United States v.
Atterberry</u>, 144 F.3d 1299, 1300 (10th Cir. 1998)).  The court has
no reason to interpret this provision other than by the plain and
express language appearing in it and by what the defendant
necessarily and reasonably understood when he entered his plea.

Such waivers are "generally enforceable where . . . expressly
stated in the plea agreement and where both the plea and the waiver
were knowingly and voluntarily made." <u>United States v. Cockerham</u>,

237 F.3d 1179, 1183 (10th Cir. 2001), <u>cert. denied</u>, 534 U.S. 1085 (2002).  Exceptions to the general rule include "where the agreement was involuntary or unknowing, where the court relied on an impermissible factor such as race, or where the agreement is otherwise unlawful."  <u>Id</u>. at 1182-83.  The Tenth Circuit has looked to the following factors in deciding the enforceability of such waivers:  (1) whether the issues in dispute come within the scope of the waiver; (2) whether the defendant knowingly and voluntarily waived his rights; and (3) whether enforcement of the waiver would result in a miscarriage of justice.  <u>United States v. Hahn</u>, 359 F.3d 1315, 1325 (10th Cir. 2004).

As noted above, the defendant's motion is subject to the express waiver plainly stated in the parties' plea agreement.  The plea agreement and the plea colloquy demonstrate that defendant knowingly and voluntarily entered into the plea agreement including this waiver, and there is nothing to indicate a miscarriage of justice would result from enforcing the waiver.  The defendant raises no argument that his counsel was ineffective in the negotiation of the plea agreement and fails to articulate any debatable ground for not enforcing the waiver.  Accordingly, the court shall dismiss the defendant's motion.

**IT IS THEREFORE ORDERED** that defendant's <u>pro se</u> motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) (Doc. # 50) be hereby dismissed.

**IT IS FURTHER ORDERED** that the government's motion for extension of time to file response (Doc. # 52) be hereby granted.

**IT IS FURTHER ORDERED** that the defendant's pro se motion for extension of time to file reply (Doc. #54) be hereby granted.

**IT IS SO ORDERED.**

Dated this 27th day of October, 2008 at Topeka, Kansas.


s/Richard D. Rogers
United States District Judge